UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARLOS MERCADO LOPEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-12231-IT |
| | * | |
| CHRISTINE VERDINI,[1] | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

October 20, 2014

TALWANI, D.J.

I.    Introduction

Petitioner, Carlos Mercado Lopez, filed this petition for a writ of habeas corpus against

Respondent, the Superintendent of the Northeastern Correctional Center, under 28 U.S.C. §

2254.  Petitioner contends that he is entitled to a new trial because improper statements made by

the prosecutor at trial deprived him of due process and because his trial counsel was ineffective

for failing to object to those improper statements.  For the following reasons, the petition is

DENIED.

II.    Background

Petitioner was indicted on November 21, 2006 by a Suffolk County grand jury on three

counts of rape of a child and two counts of indecent assault and battery on a child under fourteen.

At trial, the Commonwealth presented evidence of Petitioner's sexual abuse of his step-

granddaughter, which included medical records, as well as the testimony of the victim, the

_____

[1]  Bruce Gelb is now the current Superintendent of the Northeastern Correctional Center.

victim's mother, and the victim's pediatrician. The victim testified that Petitioner sometimes asked if what he was doing hurt her, and when she replied that it did, he stopped. Trial Tr. vol. 2, 59, July 15, 2008 [#11]. During closing arguments, the prosecutor recounted this testimony, stating:

> Now, that could have been a number of things, ladies and gentlemen. You can make inferences from that. Perhaps that was this man's one act of mercy for this child, that when she told him it hurt, that he stopped. Perhaps for this man it was his fear that pain might alarm people. She might make noise or maybe the more it hurt, the more likely that she would tell somebody. Or maybe the answer, "it hurts" was exactly what this man wanted, and maybe at that point, he stopped because he was satisfied having heard what he wanted to hear. We don't know.

Trial Tr. vol. 4, 62, July 17, 2008 [#11].

Before deliberation, the trial judge gave the following instructions to the jury:

"And remember what they have said in their closing arguments to you is not evidence. It is their personal view of the evidence and each of you must make your own independent judgment about what the evidence proves or does not prove." Id. at 81. Additionally, the judge instructed the jury that they may not allow their feelings about the case to interfere with the verdict, stating that "[i]t would be equally improper for you to allow any feelings that you might have about the nature of the crime to interfere with your decision." Id. at 79.

Petitioner was found guilty on all five counts and sentenced to a prison term of fifteen to twenty years on count one, two concurrent state prison terms of fifteen to twenty years on counts two and three, and ten years of probation on counts four and five, to be served after the sentence imposed on count one. Tr. of Disposition, 13–14, July 18, 2008 [#11].

Petitioner filed a timely appeal to the Massachusetts Appeals Court ("the Appeals Court"). See Commonwealth v. Mercado-Lopez, No. 10-P-2091, 2012 WL 6389 (Mass. App. Ct. Feb. 29, 2012), arguing that the statement made by the prosecutor in her closing argument

entitled him to a new trial and that his counsel was ineffective for not objecting to the statement. The specific statement Petitioner challenged was: "Or maybe the answer, 'it hurts' was exactly what this man wanted, and maybe at that point, he stopped because he was satisfied having heard what he wanted to hear." Petitioner argued that this statement improperly appealed to jurors' emotions. On February 29, 2012, the Appeals Court issued a written decision affirming Lopez's convictions. In doing so, the Appeals Court concluded that the prosecutor's statement, when taken in context, was not improper, as it was supported by the testimony presented at trial and was one of three reasonable inferences that could be made based on such testimony. The Appeals Court further held that, had the statement constituted misconduct, it would not have amounted to a miscarriage of justice, as the statement "concerned collateral issues and did not go to the heart of the matter." Id. at *2.

Petitioner then appealed to the Massachusetts Supreme Judicial Court ("SJC") in an Application for Leave to Obtain Further Appellate Review ("ALOFAR"). The SJC denied the ALOFAR on May 3, 2012. Commonwealth v. Mercado-Lopez, 462 Mass. 1103 (May 3, 2012).

On November 30, 2012, Petitioner filed the instant petition for a writ of habeas corpus. The petition raises the same claims asserted on appeal in state court, that : (1) "A substantial risk of a miscarriage of justice occurred based upon inappropriate and prejudicial statements in closing arguments exposing the jury to extremely inflammatory and prejudicial statements concerning the appellant, in an appeal to convict driven by emotional indignation", and (2) "Trial counsel was ineffective for failing to object to the inappropriate closing statement and for not requesting a specific curative instruction, and for preserving the issue for appeal." Pet. ¶ 12 [#1].

III.    <u>Discussion</u>

A.      *Ineffective Assistance of Counsel*

To be entitled to habeas relief based on ineffective assistance of counsel, a petitioner must establish that the state-court decision rejecting his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established Supreme Court law.  28 U.S.C. § 2254(d).  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), controls claims related to ineffective assistance of counsel.  <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000).  The <u>Strickland</u> test requires that a petitioner alleging ineffective assistance of counsel establish: (1) deficient performance falling below an objective standard of reasonableness, and (2) prejudice. To establish deficient performance, a petitioner must establish that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Strickland</u>, 466 U.S. at 687.  To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 688.

Petitioner argues that, by not objecting to the prosecutor's alleged improper statement, trial counsel was ineffective because he failed to preserve the issue for appeal, which resulted in the application of a higher standard of review of that issue on appeal.  He also argues that his attorney's failure to seek a curative instruction constitutes deficient performance because a curative instruction may have cured the prejudice that allegedly was caused by the prosecutor's statement.

The court finds that the Appeals Court's decision rejecting Petitioner's ineffective assistance of counsel claim, however, was not contrary to or an unreasonable application of <u>Strickland</u>.  Not only did the Appeals Court identify and articulate the substance of <u>Strickland</u>,

but its application of that legal standard to the facts of this case was not unreasonable.  Given

that the prosecutor relied upon the testimony of the victim in making the challenged statement

and that the statement merely suggested to the jury that such testimony could support three

possible inferences, including the inference to which Petitioner objects, the Appeals Court

reasonably concluded that there was no error. Accordingly, Petitioner cannot establish relief

based on ineffective assistant of counsel.

      B.    *Improper Statement*

      The alleged improper statement made by the prosecutor at closing argument was not

objected to at the time it was made or at any time at trial.  Federal courts will not review a

question of federal law presented in a habeas petition if the state court's decision rests upon a

state-law ground that is independent of the federal question at issue and adequate to support the

judgment.  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  Massachusetts has a long-standing

rule that any issues not raised at trial are waived and, therefore, cannot be raised on appeal.

Commonwealth v. Curtis, 417 Mass. 619, 626 (1994).  A petitioner's procedural default, i.e. the

failure to follow state court procedure, constitutes "an independent and adequate ground for

decision so long as the state court consistently applies its contemporaneous objection rule and

has not waived it in the particular case."  Horton v. Allen, 370 F.3d 75, 80–81 (1st Cir. 2004).

An appellate court's review does not operate as a waiver of the underlying procedural default.

Burks v. DuBois, 55 F.3d 712, 716 (1st Cir. 1995) (explaining that an appeals court's limited

review of the merits of a defaulted claim for a miscarriage of justice does not work as a waiver of

the rule that proper and timely objections must be made at trial); Tart v. Massachusetts, 949 F.2d

490, 496  (1st Cir. 1991).

      If an underlying state-court decision rests upon an independent and adequate state-law

ground, federal habeas review of the claim is barred unless the petitioner shows both cause for the default and prejudice that may result from the alleged error. See Coleman, 501 U.S. at 750 (holding that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

In establishing cause for a procedural default, the petitioner must establish that such cause relates to "an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural rule." Burks, 55 F.3d at 717 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Attorney error is insufficient to show cause unless such error rises to the level of ineffective assistance of counsel. Coleman, 501 U.S. at 753. To establish prejudice, a petitioner must demonstrate that the error made at trial created not only a possibility of prejudice, but "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" See Ortiz v. DuBois, 19 F.3d 708, 714 (1st Cir. 1994) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner's failure to object to the alleged improper statement at trial constitutes a procedural default which acts as an independent and adequate state law ground upon which the state court's decision rests and which the appeals court did not waive by reviewing the claims for a miscarriage of justice. Petitioner's claims, therefore, are barred unless he establishes both cause and prejudice.

Petitioner makes no attempt to demonstrate cause other than alleging that trial counsel

was ineffective for failing to object to the alleged improper statement. As discussed above, the challenged statement was based on the victim's testimony presented at trial and merely suggested that such testimony could support three possible inferences, including the inference that Lopez had wanted the victim to feel pain during the abuse. Any risk that this inference could interfere with the jury's result was alleviated by the trial judge's instruction that closing arguments do not constitute evidence and that the jury members may not allow their feelings about the case to interfere with the verdict. For these reasons, the court finds that trial counsel's failure to object to the statement does not constitute deficient performance falling below an objective standard of reasonableness. Thus, because Petitioner cannot establish cause for the default, the court need not consider whether he can establish prejudice as federal habeas review of this claim is precluded.

C.  *Miscarriage of Justice*

Absent a showing of cause and prejudice, Petitioner's procedural default may only be excused if a refusal to hear the defaulted claim would result in a fundamental miscarriage of justice. Burks, 55 F.3d 716. This exception to the procedural default rule is "explicitly tied to a showing of actual innocence," id. at 717 (citing Shlup v. Delo, 513 U.S. 298, 321 (1995)), which requires a petitioner to demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty. Schlup, 513 U.S. at 321.

Here, Petitioner argues that his conviction was based not on physical evidence, but on a mere credibility determination, and that, had the challenged statement not been made, the jury could have reached a different result. Petitioner's argument, however, is undercut by the Commonwealth's evidence at trial, which included the testimony of multiple witnesses, including the victim and her mother, to whom the disclosure of the abuse was made, as well as

the victim's pediatrician.

Petitioner does not challenge the credibility of these witnesses or the admission of any testimony, and he does not offer new evidence to support a claim of actual innocence. Moreover, the statement Petitioner challenges as influencing the jury's result was peripheral to the Commonwealth's case and any risk that the statement could have influence the jury was alleviated by the trial judge's instructions. It is not plausible that, absent the alleged improper statement, the jury would have reached a different result. Petitioner, therefore, cannot establish that refusal to hear the defaulted claim would result in a miscarriage of justice.

IV.    Conclusion

For the foregoing reasons, the petition [#1] is hereby DENIED.

IT IS SO ORDERED.

Date:  October 20, 2014                                    /s/ Indira Talwani
                                                           United States District Judge